IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RONES SAGESSE,

    Plaintiff,

v.                                                                  CASE NO. 1:20-cv-238-AW-GRJ

OFFICER C. HILL, et al.

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Motion for Summary Judgment in this "excessive force" lawsuit brought pursuant to 42 U.S.C. § 1983. ECF No. 53. Plaintiff Ron Sagesse ("Sagesse"), proceeding *pro se*, has responded in opposition, ECF No. 57,[1] so the motion is ripe for resolution. At issue in the case is whether Defendant prison officers

---

[1] In his opposition, Sagesse says that videotaped footage captured the events that gave rise to this lawsuit. ECF No. 57 at 1. Defendants, however, have not supplied the Court with any videotaped evidence to support their Motion.

When ruling on a Motion for summary judgment, the district court may properly view videotaped evidence and "view the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 380-81, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007). *See also Lewis v. City of W. Palm Beach*, Fla., 561 F.3d 1288, 1290 n.3 (11th Cir. 2009) (applying *Scott v. Harris* and reviewing, *de novo*, videotaped evidence submitted to the district court at the summary judgment stage). No such videotaped evidence has been submitted here.

violated Sagesse's Eighth Amendment rights while Sagesse was incarcerated at the Cross City Correctional Institution ("CCCI"). ECF No. 12[2] at 7-8.[3] For the reasons discussed below, Defendants' motion is due to be denied.

## I. SUMMARY JUDGMENT EVIDENCE

Sagesse's Eighth Amendment "excessive force" claims arise from a search and take-down that took place at CCCI on April 12, 2019. ECF No. 12. Early on the morning of April 12th, Defendant Sergeant Corbin ("Corbin") conducted search activities in Sagesse's dormitory as part of his Rapid Response Team duties. Sergeant Kenneth Corbin, Use of Force Incident Report ("Corbin UoF Report") ECF No. 53-2 at 1. To effectuate the search of Sagesse's person, Corbin ordered Sagesse to place his hands on his head. *Id.*; Amended Complaint, ECF No. 12 at 7. Corbin found Sagesse's response to the order unsatisfactory, so Corbin directed Sagesse to submit to hand restraints. Corbin UoF Report ECF No. 53-2 at 1; Amended Complaint, ECF No. 12 at 7. Here is where the parties'

---

[2] Sagesse's Section 1983 claims are against CCCI correctional officers C. Hill, M. Flowers, and D. Waldeck, as well as sergeants T. Bussey, S. Driggers, J. Adkins, A. Vann, and J. Conroy in their individual capacity. *See* ECF No. 12 at 1, 4-5. Warden Hicks was dismissed from this action on October 4, 2021. ECF No. 38.

[3] Sagesse is now incarcerated at the Santa Rosa Correctional Institution. ECF No. 12.

versions of events diverge.

Corbin attests that, upon being directed to submit to hand restraints, Sagesse "became combative," pulled away from Corbin's "custodial grasp," and "lung[ed] aggressively toward Lieutenant James Hurst." Declaration of Kenneth Corbin ("Corbin Decl.") ¶ 7. Corbin then "physically forced Sagesse face first to the ground, and Sergeant Driggers simultaneously used chemical agents." *Id.* ¶ 8; Corbin UoF Report ECF No. 53-2. "Once on the floor, Sagesse continued his combative behavior by thrashing his body, yelling obscenities toward the staff, and kicking toward the staff." Corbin Decl. ¶ 9; Corbin UoF Report ECF No. 53-2. Corbin, Officer Devin Waldeck, Sergeant Stephen Driggers, and Sergeant Jeremy Adkins then "maintained Sagesse's position on the ground during the struggle, while Sergeant Timothy Bussey placed [Sagesse] in leg restraints." Corbin Decl. ¶ 10; Corbin UoF Report ECF NO. 53-2. After he was forcibly restrained, Sagesse "reluctantly complied." Corbin Decl. ¶ 11; Corbin UoF Report ECF No. 53-2. Corbin then ceased all use of force. Corbin Decl. ¶ 12.

According to Corbin, Defendants then escorted Sagesse to confinement. Corbin Report of Force Used, ECF No. 53-4 at 2. "During the escort to confinement…. Sagesse refused to walk and a four man carry was utilized. During the carry [Sagesse] began twisting his upper body and

3

kicking and was again physically redirected to the ground to reduce the risk of harm to himself and staff." FLDOC MINS Incident Report, ECF No. 53-3 at 2. Sagesse ultimately complied, and the escort proceeded to confinement. FLDOC MINS Incident Report, ECF No. 53-3 at 2. The Medical Department subsequently examined Sagesse and reported injuries that included a hematoma/abrasion to his right cheekbone, a left cheek bone abrasion, an abrasion to his right lower jaw at the mouth, and a small finger deformity on his right hand. *Id*. at 1.; FLDOC Radiology Request Form & Diagram of Injury, ECF No. 57 at 4-5.

Sagesse recounts a different version of events. According to Sagesse, after Sagesse complied with Corbin's order and submitted to hand restraints, Officer D. Waldeck struck Sagesse in the back of his head and knocked him to the ground face first. Amended Complaint, ECF No. 12 at 7.[4] While Sagesse was on the ground, Officers C. Hill and M. Flowers, along with Sergeants Corbin, Bussey, Driggers, Adkins, Vann and

---

[4] "A *pro se* plaintiff's complaint… if verified under 28 U.S.C. § 1746, is equivalent to an affidavit, and thus may be viewed as evidence." *Howard v. Memnon,* 572 F. App'x 692, 694 (11th Cir. 2014) (per curiam) (citation omitted). Nevertheless, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge…." Fed. R. Civ .P. 56(c)(4). "[A]ffidavits based, in part, upon information and belief, rather than personal knowledge, are insufficient to withstand a motion for summary judgment." *Ellis v. England,* 432 F.3d 1321, 1327 (11th Cir. 2005) (per curiam) (citation omitted).

4

Conyers, "began to punch and kick [Sagesse]." Amended Complaint, ECF No. 12 at 7.

> [During the attack, one of the officers] stuck his hand inside of [Sagesse's] right eye and tried to yank it out, causing [Sagesse] to lose [his] sight temporarily, while another … officer[] grabbed [Sagesse's] left hand which was already cuffed and began to pull on [his] fingers in all separate directions in a forcefull (sic) and menacing way causing permanent damage on [Sagesse's] left pinky finger….

Amended Complaint, ECF No. 12 at 8. On his way to confinement, Sagesse was "completely knocked out," rendered "unconscious," "dragged by his leg and hand restraints across the concrete floor" scraping his face, then assaulted again. *Id*. Sagesse's injuries included temporary vision loss, temporary unconsciousness, and the permanent dislocation of his left pinky finger (which requires surgery). *Id*.; FLDOC Sagesse Radiology Report, ECF No. 57 at 3-4. For relief, Sagesse seeks $250,000 in compensatory damages and $850,000 in punitive damages. ECF No. 12 at 11, 12.

## II.  LEGAL STANDARD

### A.  Summary Judgment Standard

The entry of summary judgment is appropriate when the Court is satisfied "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).

In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the non-movant." *Samples on Behalf of Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir. 1988). "The nonmovant need not be given the benefit of every inference but only of every reasonable inference." *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) (per curiam).

As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d (1986), the movant bears the initial burden of establishing the nonexistence of a triable issue of fact. There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (citation omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.... The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. at 2513 (*citing Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158-59, 90 S.Ct. 1598, 1608-09, 26 L.Ed.2d 142 (1970)). In other words, "[i]f a

reasonable fact finder could draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment." *Barfield v. Brierton,* 883 F.2d 923, 933-34 (11th Cir. 1989).

The party seeking summary judgment bears the initial burden of identifying for the district court those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2553. With regard to issues on which the non-moving party bears the burden of proof, the moving party need not support its motion with evidence "*negating* the opponent's claim." *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115 (11th Cir. 1993) (emphasis in original) (quoting *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1437-38 (11th Cir.1991) (*en banc* )). Once the moving party has carried its burden, the non-moving party must show the existence of a genuine issue of material fact to avoid summary judgment. *Fitzpatrick, 2 F.3d at 1116.*

As a general rule, *pro se* filings are "to be liberally construed." *Estelle v. Gamble,* 429 U.S. 97,106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). While *pro se* pleadings are liberally construed, "a *pro se* litigant does not escape the essential burden under summary judgment standards of

establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990) (citations omitted). Thus, "[a]lthough [the courts] show leniency to *pro se* litigants, [they] will not serve as de facto counsel, or rewrite an otherwise deficient pleading in order to sustain an action." *Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x. 296, 298 (11th Cir. 2009) (citation and internal quotation marks omitted).

### B. Qualified Immunity

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An official wishing to invoke the affirmative defense of qualified immunity must have been acting within his discretionary authority. *Skop v. City of Atlanta,* 485 F.3d 1130, 1136 (11th Cir. 2007). If a defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not proper. *Lee v. Ferraro*, 284 F.3d 1188, 1197-98 (11th Cir. 2002).

To determine whether qualified immunity applies to a government official performing a discretionary function, the Court must consider two

factors: (1) whether the evidence shows that the official's conduct violated a constitutional right; and (2) whether the right was clearly established. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). The Court has the discretion to address the two prongs in either order. *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

### III.  DISCUSSION

The Eighth Amendment can give rise to claims challenging specific conditions of confinement, the excessive use of force, and the deliberate indifference to a prisoner's serious medical needs. *Thomas v. Bryant*, 614 F.3d 1288, 1303-04 (11th Cir. 2010) (citation omitted). Each of these claims requires a two-prong showing: an objective showing of a deprivation or injury that is "sufficiently serious" to constitute a denial of the "minimal civilized measure of life's necessities" and a subjective showing that the official had a "sufficiently culpable state of mind." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994) (internal citations and quotations omitted). Both inquiries are contextual. Because the Eighth Amendment "draws its meaning from the evolving standards of

decency that mark the progress of a maturing society," the objective harm inquiry is contextual in that it is responsive to contemporary standards. *Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992) (internal citation and quotation omitted). Additionally, what is necessary to show sufficient harm and what is necessary to show a sufficiently culpable state of mind varies with the type of Eighth Amendment claim at issue. *Id.* at 8, 112 S.Ct. at 1000.

### A.   *Excessive Use of Force Claims.*

Sagesse's excessive force claims are based upon his verified statements that (1) Defendant officers physically assaulted him after his hands had been restrained; and (2) Defendant officers assaulted him again after both his hands and legs had been cuffed.  ECF No. 12 at 7-8. Sagesse attests that these assaults left him with temporary vision loss and loss of consciousness, along with the permanent dislocation of his left pinky finger.  *Id*. at 8.

"In Eighth Amendment excessive force cases, the 'core judicial inquiry' is 'not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Bowden v. Stokely*, 576 F. App'x 951, 953 (11th Cir. 2014) (per curiam) (quoting

*Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam). "When we consider whether the jailer's use of force was excessive, we must 'give a wide range of deference to prison officials acting to preserve discipline and security.'" *Danley v. Allen*, 540 F.3d 1298, 1307 (11th Cir. 2008) (quoting *Bennett v. Parker*, 989 F.2d 1530, 1533 (11th Cir. 1990)). "Eighth Amendment claims based on *de minimis* uses of physical force by prison guards are not cognizable unless they involve 'force that is repugnant to the conscience of mankind.'" *Johnson v. Moody*, 206 F. App'x 880, 884-85 (11th Cir. 2006) (per curiam) (quoting *Hudson*, 503 U.S. at 9-10, 112 S.Ct. at 1000).

"When jailers continue to use substantial force against a prisoner who has clearly stopped resisting—whether because he has decided to become compliant, he has been subdued, or he is otherwise incapacitated—that use of force is excessive." *Danley v. Allen*, 540 F.3d 1298, 1309 (11th Cir. 2008); *See Bozeman v. Orum,* 422 F.3d 1265, 1272 (11th Cir. 2005) (excessive force found where jailers "continued [to] use ... force in a manner that was severe enough to render [the plaintiff], at the very least, unconscious after [he] had surrendered"). In sum, once a prisoner has stopped resisting there is no longer a need for force, so the use of force thereafter is disproportionate to the need.

11

In the present case, the Court concludes that a genuine dispute of material fact exists regarding Sagesse's excessive force claims. Sagesse, on the one hand, says under oath that Defendants used force against him after he was restrained and compliant. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.... The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255. If believed, a reasonable jury could conclude that Sagesse's constitutional rights were violated if he was restrained at the time Defendants used force against him, and Defendants' use of force rendered him unconscious and caused him permanent injury.

Because the resolution of the factual dispute about whether Sagesse was restrained or not at the time Defendants used force against him turns on whose version of events is believed, the jury and not the Court should resolve the conflict in the evidence.

### B.   *Qualified Immunity.*

Defendants also argue that they are entitled to qualified immunity because they were acting within their discretionary authority as correctional officers and their conduct was reasonable under the circumstances., *i.e.*, their conduct did not violate Sagesse's clearly established constitutional or

statutory rights of which a reasonable person would have known.  ECF No. 53 at 1.

Although it is undisputed that Defendants were acting within their discretionary authority at the time in question, an issue remains as to whether Defendants' conduct was reasonable under the circumstances.  As discussed above, a genuine dispute of material fact exists with respect to Sagesse's status at the time Defendants used force against him.  Sagesse says that he was restrained and complaint at the time; Defendants say that Sagesse was not restrained and was resisting.  Because the Court must view the facts in the light most favorable to the non-moving party, Defendants are not entitled to judgment as a matter of law at this juncture. Sagesse's evidence, if believed, could establish that Defendants' conduct violated his Eighth Amendment rights.  The right to be free from the use of force after a prisoner has been restrained is "clearly established."  *Skrtich v. Thornton,* 280 F.3d 1295, 1303 (11th Cir. 2002) ("By 1998, our precedent clearly established that government officials may not use gratuitous force against a prisoner who has been already subdued or, as in this case, incapacitated.").

The Court's denial of summary judgment at this stage of the litigation does not mean that Sagesse's version of events is true and accurate.  The

13

determination of what happened is for a jury to decide. Because there is a factual dispute regarding whether the force used by the officers occurred while Sagesse was restrained and compliant or whether the force utilized by the officers was reasonably necessary to obtain compliance, Defendants are not entitled to qualified immunity on this record.

## IV.  CONCLUSION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendants' Motion for Summary Judgment, ECF No. 53, should be **DENIED** and this case should be set for trial.

**IN CHAMBERS** this 14th day of February 2022.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.